IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DORA BENCOMO, Individually and as Heir of the Estate of JUAN MANUEL HERRERA, Deceased** § § § § | |
| *Plaintiff*, § | Civil Action No. 5:23-cv-149 |
| § | |
| v. § | |
| § | |
| **SERGEANT TODD SANCHEZ and the COUNTY OF MIDLAND, TEXAS** § § § | |
| *Defendants*. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT**

NOW COMES, DORA BENCOMO, Individually and as Mother and Sole Heir of the ESTATE OF JUAN MANUEL HERRERA, a Minor, Deceased, and files this, *Plaintiff's Original Complaint*, complaining of Defendants, SERGEANT TODD SANCHEZ, in his individual capacity and in his official capacity as an officer for the Midland County Sheriff's Office, and the COUNTY OF MIDLAND, TEXAS, and would show the Honorable Court and Jury the following in support thereof:

### I.
### PARTIES

1. Plaintiff, Dora Bencomo, is a citizen of the State of Texas and resides in the City of Midland, County of Midland, Texas, was the mother of Juan Manuel Herrera, and brings this lawsuit in her individual capacity as a statutory wrongful death beneficiary and as an Heir to the Estate of Juan Manuel Herrera pursuant to Texas Civil Practice and Remedies Code Sections 71.002, *et seq.*, and 71.021.

2.	Defendant, Sergeant Todd Sanchez, is and was at all times relevant to this cause of action a duly appointed and acting officer of the Midland County Sheriff's Office, is being sued in his individual capacity and in his official capacity as an officer with the Midland County Sheriff's Office, and can be served with process at his place of business, <u>Midland County Sheriff's Office, 400 South Main St., Midland, Texas 79701</u>.  **Service is requested at this time.**

3.	Defendant, County of Midland, Texas, is a county in the State of Texas and operates a law enforcement agency, the Midland County Sheriff's Office/Department, located at 400 South Main St., Midland, Texas 79701, in the County of Midland, Texas.  Defendant, Midland County, employed persons, including Sergeant Todd Sanchez, who, in the course and scope of their employment were responsible for protecting and serving all citizens of Midland County, Texas.  In accordance with Federal Rules of Civil Procedure Rule 4(j)(2), Defendant, Midland County, may be served with process through County Judge Terry Johnson at 500 N. Loraine St., Suite 1100, Midland, Texas 79701.  **Service is requested at this time**.

## II.
### JURISDICTION AND VENUE

4.	This case is brought pursuant to 42 U.S.C. § 1983; thus, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.	This Court has general personal jurisdiction over Defendant, Sergeant Todd Sanchez, as he resides and works in the Western District of Texas, and over Defendant, Midland County, Texas, because it is a governmental unit located within the Western District of Texas.

6.	This Court has specific personal jurisdiction over Defendants because this case arises out of conduct which caused the death of Juan Manuel Herrera, which occurred within the Western District of Texas.

7. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Western District of Texas.

### III.
### FACTS

8. This is an action brought by the Plaintiff against Defendants, Midland County, Texas, the Midland County Sheriff's Office, and its agent and servant, Sergeant Todd Sanchez, for Sgt. Sanchez's use of unnecessary, excessive and deadly force under the color of state law resulting in the death of Juan Manuel Herrera in violation of his rights under the Fourth Amendment of the United States Constitution secured pursuant to 42 U.S.C. § 1983.

9. On or about March 3, 2022, Juan Manuel Herrera, a fourteen-year-old Hispanic male Midland resident, and three friends were at the Sandstone Ridge apartment complex located at 5501 Sherwood Drive in Midland, Texas, "car hopping" when a then-unknown male in civilian clothing carrying a fire-arm, Sergeant Todd Sanchez, came out of an apartment unit nearby and began yelling at and chasing Juan Herrera and the other teenagers at which point Juan and the other teenagers began to flee.

10. Sergeant Todd Sanchez subsequently shot Juan Herrera in the back left part of Juan's head. At no point did Juan Herrera display weapon or pose a danger to Sergeant Todd Sanchez at the time of the shooting or at any time leading up to the shooting, and there is no evidence that Sergeant Todd Sanchez or any third party feared for their lives or the lives of anyone else at the time lethal force was used against Juan Herrera.

11. Juan Sanchez thereafter lay bleeding from Sergeant Sanchez's gunshot to the head, making grunting sounds as he clung to life before later being pronounced dead at Midland Memorial Hospital, where he had been rushed to by Midland Fire Department EMS personnel.

12. As a result of Sergeant Todd Sanchez's unreasonable and senseless use of deadly force, Juan Manuel Herrera died after suffering agonizing pain.

## IV.
## CLAIMS

A. *42 U.S.C. § 1983: Excessive Force Claims Against Defendant, Sergeant Todd Sanchez*

13. Plaintiff incorporates by reference all of the foregoing and further pleads and alleges as follows:

14. Defendant, Sergeant Todd Sanchez, who was acting under color of law and regulations of the State of Texas and the County of Midland, shot Juan Herrera in the back left part of the head when he posed no threat of serious bodily injury or death to anyone. In fact, Juan Herrera was not known to be armed when Sgt. Sanchez shot and killed him.

15. Defendant Sergeant Todd Sanchez's unlawful use of deadly force against Juan Herrera was clearly excessive and was objectively unreasonable in light of the circumstances and established law, and directly caused Juan Herrera's death. Therefore, Sergeant Todd Sanchez's actions violated Juan Herrera's Fourth and Fourteenth Amendment rights to be free from use of excessive force and any unreasonable seizure of his person, and said actions were taken with deliberate indifference to those Fourth and Fourteenth Amendment rights of Juan Herrera.

16. As a direct and proximate result of Defendant Sergeant Todd Sanchez's actions, Juan Herrera suffered agonizing pain and mental anguish before dying. Plaintiff Dora Bencomo lost her fourteen-year-old son and the mental anguish she has suffered from and will continue to suffer from for the balance of her life is horrific and immense.

B. *42 U.S.C. § 1983 Claims Against Defendant, Midland County, Texas*

17. Plaintiff incorporates by reference all of the foregoing and further pleads and alleges as follows:

18. The acts and omissions of Defendants on the occasion in question were unlawful unreasonable, unconscionable, deliberately indifferent, wanton and depraved, and were the proximate cause and the producing cause of the injuries, aggravation of injuries, damages, and aggravation of damages, and ultimately caused the death of Juan Herrera. Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and his federal rights under § 1981.

19. Sergeant Todd Sanchez's actions were unlawful, excessive, inappropriate, and amount to depraved and wanton use of deadly force, in that Defendant Sergeant Sanchez intentionally drew his Midland County Sheriff's Office department-issued service weapon, pointed the firearm and shot Juan Herrera in the back of the head while Juan Herrera was fleeing and posing no threat to Sergeant Sanchez or any other third party.

20. Defendant, Midland County, Texas, is liable to Plaintiff under 42 U.S.C. § 1983 because the County's inadequate policies, inadequate training, inadequate hiring practices, and its established customs and practices constituted deliberate indifference to the deprivation of constitutional rights of Juan Herrera and other minority citizens in this case and other prior cases, and those customs and practices served as the moving force behind Defendant Sergeant Todd Sanchez's use of excessive force against Juan Herrera, who Defendant Sergeant Todd Sanchez shot in the back of the head while he was fleeing and posing no threat to Sergeant Sanchez or any other third party. Defendant, Midland County, Texas's, inadequate polices, procedures, customs, and practices include, but are not limited to, the following:

    a. Inadequate de-escalation policies for preventing use-of-force violations by officers;

    b. Inadequate training programs for officers in the proper use of force and deadly force;

    c.    Inadequate hiring and retention policies resulting in a failure to refrain from hiring and retaining officers who presented obvious risks of committing use-of-force violations;

    d.    Negligent hiring, retention, and supervision with respect to Defendant Todd Sanchez, an deputy that the department knew or should have reasonably known was unfit to hire and retain because of Deputy Sanchez's history of termination from other sheriff's offices for failure to exercise the sound judgment and decision-making of a reasonable and capable sheriff's office deputy; and,

    e.    Inadequate disciplinary policies that failed to adequately punish officers for committing use-of-force violations.

21.    Midland County Sheriff David Criner is the official policymaker for the Midland County Sheriff's Office with regard to all policies relevant to the acts and omissions that resulted in the deprivation of Juan Herrera's constitutional and federal rights.

22.    The acts and omissions of Midland County were a proximate cause of Juan Herrera's death.

## V.
### DAMAGES

23.    Defendants, Sergeant Todd Sanchez and Midland County, Texas, deprived Juan Herrera of his civil rights under the United States Constitution and under federal law. Moreover, these acts and omissions by Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force behind the injuries and damages to Plaintiff, and those same acts and/or omissions proximately caused and/or were the moving force behind the wrongful death of Juan Herrera. Accordingly, Plaintiff Dora Bencomo, in her individual capacity and in her capacity as heir of the Estate of Juan Herrera, assert claims under 42 U.S.C. § 1983 and the Texas wrongful death and survivorship statutes.

24. Plaintiff, Dora Bencomo, in her capacity as statutory heir asserting survival claims on behalf of the Estate of Juan Herrera, has incurred damages, including, but not limited to, the following:

   a. Physical pain and mental anguish suffered by Juan Herrera prior to his death; and,

   b. Funeral and burial expenses.

25. Plaintiff, Dora Bencomo, in her individual capacity asserting wrongful death claims, has incurred damages, including, but not limited to, the following:

   a. Past and future mental anguish; and,

   b. Past and future loss of companionship, society, services, and affections with her son.

## VI.
### EXEMPLARY DAMAGES

26. The conduct of Sergeant Todd Sanchez justifies an award of punitive and exemplary damages against Sergeant Todd Sanchez due to his extreme, outrageous, and unjustifiable conduct. Sergeant Todd Sanchez acted with malice and acted intentionally, recklessly, or with callous indifference to the unlawful deprivation of Plaintiff's constitutionally protected rights.

## VII.
### ATTORNEY'S FEES

27. It was necessary for Plaintiff Dora Bencomo to hire the services of the undersigned attorneys to represent her in this complex and difficult proceeding and attendant cause of action. The Plaintiff hired the undersigned attorneys to represent her, and pursuant to 42 U.S.C. § 1988(b) of the Federal Civil Rights Act, she is entitled to recover her reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim.

Plaintiff is entitled to an award of attorney's fees and costs including, but not limited to, expert witness fees pursuant to 42 U.S.C. § 1988(b) of the Federal Civil Rights Act when she prevails.

## VIII.
### PRESERVATION OF EVIDENCE

28.     Plaintiff requests and demands that all Defendants in this case retain, preserve, and protect from loss, damage, discard, or destruction all physical, written or electronic items that are, or may be, evidence of the incident above described, which may form the basis of this Complaint including, but not limited to video, recorded statements, photographs, e-mails, text messages, and personal or official notes made by any of the Officers, the County of Midland, or the City of Midland and their respective law enforcement agencies, including the Midland Police Department and Midland County Sheriff's Office.

## IX.
### JURY DEMAND

29.     Pursuant to Rule 48 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

## X.
### PRAYER FOR RELIEF

30.     Accordingly, Plaintiff, Dora Bencomo, Individually and as Heir of the Estate of Juan Manuel Herrera, Deceased, asks that judgment be awarded against Defendants, Sergeant Todd Sanchez and Midland County, Texas, pursuant to 42 U.S.C. § 1983, in an amount in excess of $10 million, for:

   a.   compensatory damages against all Defendants, jointly and severally;

   b.   punitive damages as to Sergeant Todd Sanchez;

   c.   attorney's fees, including reasonable and necessary expenses such as expert fees, pursuant to 42 U.S.C. § 1988;

   d.   costs of court;

e.  prejudgment and post-judgment interest at the highest rate allowable under the law; and,

f.  all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**HARPER LAW FIRM**
1314 E. Sonterra Blvd, Suite 5204
San Antonio, Texas 78258
(210) 780-3881; Telephone
(210) 780-3881; Facsimile
taylor@harperlawtx.com; Email
sam@harperlawtx.com; Email

BY: _/s/ Samuel W. Royston_
TAYLOR W. HARPER
Texas Bar No. 24091573
SAMUEL W. ROYSTON
Texas Bar No. 24100321