IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| **DORA BENCOMO, Individually and as Heir of the Estate of JUAN MANUEL HERRERA, Deceased**<br><br>*Plaintiff,*<br><br>v.<br><br>**SERGEANT TODD SANCHEZ and the COUNTY OF MIDLAND, TEXAS**<br><br>*Defendants.* | Case No. 7:23-CV-00036-DC-RCG |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND HER COMPLAINT

Plaintiff Dora Bencomo, individually and as mother and sole heir of the Estate of Juan Manuel Herrera, respectfully requests leave to amend her complaint with the attached Exhibit 1 to revise her allegations. Defendants are unopposed.

Leave to amend should be granted for two reasons:

First, this amendment will allow Plaintiff to clarify her allegations and add additional detail.

Second, this amendment will not meaningfully delay the case, as no scheduling order has been agreed or entered.

### A. FACTS AND PROCEDURAL BACKGROUND

Plaintiff Dora Bencomo filed this 42 U.S.C. § 1983 case on February 8, 2023, alleging that Defendant Todd Sanchez shot and killed her son, Juan Herrera, when Herrera posed no danger to Sanchez or anyone else. Doc. 1. Defendant Todd Sanchez answered on April 6, 2023. Doc. 4. Defendant Midland County filed its motion to dismiss on March 9, 2023. Doc. 5.

No Rule 26(f) conference has occurred, nor has any scheduling order been agreed or filed.

Plaintiff's newly retained co-counsel only recently appeared in this case on April 14, 2023. Docs. 11–13.

There is no trial date or pleading deadline.

**B. ARGUMENT**

The Court should grant Plaintiff leave to amend her complaint.

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. … If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citations omitted); *see also* FED. R. CIV. P. 15(a)(2). Ordinarily the Court should not deny leave to amend merely due to delay. *See Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 131 (5th Cir. 2015) (reversing denial of leave to amend where there was significant unexplained delay). Amendment is appropriate and necessary for two reasons.

First, Plaintiff seeks to file this amendment to further clarify and add detail to her allegations. Defendant Midland County's motion to dismiss raises several issues with Plaintiff's original complaint. Doc. 5. In order to better address the issues raised and clarify the allegations against Midland County, Plaintiff seeks to amend her complaint to add greater detail about Midland County's policies and practices of excessive force and failure to train and supervise its employees. In addition, Plaintiff seeks to clarify that she only seeks to sue Defendant Todd Sanchez in his personal capacity—her claims against him in his official capacity should be construed as claims against Midland County.

Second, leave to amend will not unfairly prejudice the Defendants or delay the case. This case is still in its early stages. The parties collectively have not even agreed to a scheduling order.

Thus, Defendants will not be prejudiced by any fast-approaching deadlines and the case will not be delayed any further.

In this case, there is good cause to grant leave to amend as Plaintiff seeks the amendment early in the case, less than sixty days after the Defendants appeared, so there will be no unfair prejudice from the delay. *See* Doc. 5; Doc. 6. The amendment will add factual detail to clarify the scope of Plaintiff's allegations and correct the previous complaint.

Plaintiff has conferred with Defendants' counsel and they are unopposed to the relief requested in this motion.

### C. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's leave to amend her Complaint with the proposed First Amended Complaint, which is attached as Exhibit 1.

Dated: April 18, 2023.

Respectfully submitted,

**HARPER LAW FIRM**
1314 E. Sonterra Blvd, Suite 5204
San Antonio, Texas 78258
(210) 780-3881; Telephone
(210) 780-3881; Facsimile
taylor@harperlawtx.com; Email
sam@harperlawtx.com; Email

BY: _____
TAYLOR W. HARPER
Texas Bar No. 24091573
SAMUEL W. ROYSTON
Texas Bar No. 24100321

**EDWARDS LAW**
603 W 17th St.
Austin, Texas 78701
Tel.  512-623-7727
Fax.  512-623-7729

By     /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
jeff@edwards-law.com
DAVID JAMES
State Bar No. 24092572
david@edwards-law.com
PAUL SAMUEL
State Bar No. 24124463
paul@edwards-law.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record via the Court's electronic case filing system.

/s/ Jeff Edwards
Jeff Edwards

## CERTIFICATE OF CONFERENCE

By my signature below, I certify that I conferred with counsel for Defendants and they are unopposed to the relief requested.

/s/ Jeff Edwards
Jeff Edwards

5